IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL PATRICK BOYD, a/k/a )<br>"Saifullah;" )<br>HYSEN SHERIFI; )<br>ANES SUBASIC; )<br>ZAKARIYA BOYD, a/k/a "Zak;" )<br>DYLAN BOYD, a/k/a "Mohammed;" )<br>MOHAMMAD OMAR ALY HASSAN; )<br>and )<br>ZIYAD YAGHI, )<br>)<br>Defendants. ) | ORDER |

This matter comes now before the court on its regular review of the docket where it has come to the court's attention that certain protocols for filing and certificates of service have not been observed in this multi-defendant case. The court also notes that certain deadlines in the current scheduling order, as well as practices for filing under seal as provided in previous orders, need to be revisited to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay. See Fed. R. Crim. P. 2. For the following reasons, it is ORDERED as follows:

1. Any party wishing to file under seal a motion or document including sensitive discovery materials, or referring to the contents of sensitive discovery materials, shall file first a "Public Notice of Filing Under Seal." Said notice will be viewable to the

public on the docket, and will indicate that a filing which includes or refers to sensitive discovery materials is being made under seal pursuant to the Protective Order for Sensitive Materials and the court's order at docket entry 381.[1] The Protective Order for Sensitive Materials and order at docket entry 381 are hereby amended to reflect this change. Except as amended, these orders remain in force and effect.

2. Any party desiring to file material under seal which is not governed by the Protective Order for Sensitive Materials must file a public motion to seal, with supporting memorandum, as required by Local Criminal Rule 55.2(a) and this district's Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"), Section T(1)(a)1. Any other party or member of the public shall have three (3) days to object to such motion. Should the three (3) day response period expire with no objection made, the clerk is DIRECTED to submit the motion to seal to the court for disposition.

3. The parties must conform with the requirements of Rule 49 of the Federal Rules of Criminal Procedure, which requires a party to "serve on *every other party* any written motion (other than one to be heard ex parte), written notice, designation of the record on appeal, or similar paper." Fed. R. Crim. P. 49(a) (emphasis added). All documents filed using CM/ECF must include a certificate of service identifying the

---

[1] Pursuant to the Protective Order for Sensitive Materials (DE #188 at 5-6) and order of the magistrate judge (DE #381 at 1), the court has previously allowed parties to file motions or documents which include sensitive discovery materials or refer to the contents of sensitive discovery materials under seal, without first filing a motion to seal such motion or document. In light of concerns that this practice does not provide adequate public notice of the sealing of certain documents, or opportunity for public objection to such sealing, the court now requires that public notice of such sealed filings be lodged on the docket.

document being served, date of service, the names of the individuals being served, and the manner of delivery. The parties are reminded that service of a criminal sealed document cannot be made through CM/ECF, as the document cannot be accessed through the Notice of Electronic Filing (NEF). Accordingly, counsel must effect service of proposed sealed or sealed documents through other means. Under the court's direction, the clerk of court has issued notices of deficiency for said service issues relating to matters or motions currently pending.[2] The parties have been given until **January 5, 2011**, to correct the deficiencies noted.

4. The case scheduling order (DE # 479) is hereby CLARIFIED, to note that any defense motion to suppress based on the Foreign Intelligence Surveillance Act ("FISA"), any other FISA challenge, or any other motion to suppress which reasonably might implicate classified materials, must be filed by **February 15, 2011**, the current deadline for defense motions related to classified material.[3] The deadline for the government's response to said motions remains April 29, 2011, pursuant to the case scheduling order (DE # 479, p. 2). The case scheduling order otherwise remains in force and effect.

---

[2] The court has also instructed the clerk's office to undertake careful scrutiny of this docket and to issue notices of deficiency where errors in service or docketing are noted. For example, on December 29, 2010, the clerk issued notices of deficiency for inadequate certificates of service for numerous filings, and also regarding the government's motion to seal, which was wrongly filed as a sealed motion (DE # 647). Going forward, the clerk also will note docketing errors such as that found at docket entry 683, where the government entitled its response, "Proposed Sealed Response by Ziyad Yaghi re Proposed Sealed Motion by Ziyad Yaghi." (DE # 683).

[3] The need for this clarification to the case schedule was made apparent by the government's notice (DE # 691) to defendant Yaghi's sealed motion to suppress, wherein the government indicated that its response to Yaghi's FISA challenge would implicate classified material and require input from the intelligence community. The court finds no reason to disagree with the government's characterization of Yaghi's motion as one pertaining to classified material, and notes that where similar motions to suppress or FISA challenges might be filed by other defendants, clarification regarding the deadline for such motions was needed for the continued efficient administration of this case.

3

Case 5:09-cr-00216-FL  Document 693  Filed 12/30/10  Page 3 of 4

SO ORDERED, this the 30th day of December, 2010.

                                      LOUISE W. FLANAGAN
                                      Chief United States District Judge