UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-00216-FL-2
5:16-CV-00665-FL

| UNITED STATES OF AMERICA | DEFENDANT'S REPLY TO |
|---|---|
| | UNITED STATES' RESPONSE, |
| v. | D. 2330 |
| HYSEN SHERIFI | |

Defendant/Petitioner Hysen Sherifi, by and through appointed counsel, replies to the United States' Response to the defendant's motion to vacate under 28 U.S.C. § 2255. Defendant Sherifi concurs that the two convictions under 18 U.S.C. § 924(c ) should be vacated and that the defendant should be re-sentenced. The defendant respectfully requests that the Court direct the Probation Office to provide defense counsel information on the other six defendants who have been sentenced in this prosecution (and any other defendants who have been sentenced in related prosecutions), schedule a hearing for the defendant's re-sentencing, and impose a sentence which is fair and just, considers all of the factors in 18 U.S.C. § 3553(a), and serves the purposes of just punishment, deterrence, protection of the public, and rehabilitation. In support of his reply, the defendant asserts as follows.

## RELEVANT FACTUAL SUMMARY

In its well-written and detailed response (D. 2330), the United States provided a thorough procedural history of the case. On July 22, 2009, an indictment was returned charging eight individuals with several terrorism-related crimes. Seven of the eight individuals were eventually arrested and the eighth individual (Jude Kenan Mohammad) was killed prior to his arrest. Defendants Daniel Boyd, Zakariya Boyd, and Dylan Boyd pled guilty and testified against Hysen Sherifi, Mohammad Omar Aly Hassan, and Ziyad Yaghi, whose joint trial commenced on September 19, 2011. Verdicts were returned on October 13, 2011 and Hysen Sherifi, Mohammad Omar Aly Hassan, and Ziyad Yaghi were sentenced on January 13, 2012. At his sentencing hearing in 2012, Defendant Sherifi objected to several factual allegations in the pre-sentence report and the application of three sentencing enhancements imposed under U.S.S.G. §§ 3A1.1(a), 3A1.2(a), and 3A1.4(a). The Court overruled all of Defendant Sherifi's objections and imposed a sentence of 540 months imprisonment. Anes Subasic was later convicted by jury verdict in a separate trial and sentenced by this Court on August 24, 2012. Lead defendant Daniel Boyd was sentenced on August 24, 2012; Zakariya Boyd and Dylan Boyd were initially sentenced on December 20, 2011 and re-sentenced on October 16, 2012.

The defendant filed a motion to vacate two of his five convictions relating to firearms in light of <u>United States v. Davis</u>, 139 S. Ct. 2319, 2336 (2019). The United States has agreed that the Supreme Court's ruling invalidates the defendant's two convictions under 18 U.S.C. § 924( c).

ARGUMENT

In 18 U.S.C. § 3553(a), Congress listed the factors to be considered in imposing a sentence of imprisonment and in 18 U.S.C. § 3552(a), Congress required the preparation of a pre-sentence report prior to sentencing. Fed. R. Crim. P. 32 sets forth in detail the requirements of a pre-sentence report which the Court uses when it imposes a sentence. U.S.S.G. § 6A1.1 provides a Policy Statement from the Sentencing Commission; the commentary to the Policy Statement provides in pertinent part that

Commentary

A thorough presentence investigation ordinarily is essential in determining the facts relevant to sentencing. Rule 32(c)(1)(A) permits the judge to dispense with a presentence report in certain limited circumstances, as when a specific statute requires or when the court finds sufficient information in the record to enable it to exercise its statutory sentencing authority meaningfully and explains its finding on the record.

The probation officer who prepared the pre-sentence report is no longer available to provide the Court with her insight and judgment. The two vacated convictions will significantly alter the defendant's advisory guideline range. The

defendant respectfully requests that the Court direct the Probation Office to provide defense counsel with information about the sentences imposed on the six co-defendants and any other individuals who were investigated as part of this prosecution and later sentenced. Information available from public records indicates a wide gap in sentences imposed, as follows:

| Defendant | Sentence Imposed |
|---|---|
| Daniel Boyd | 216 months |
| Dylan Boyd | 84 months |
| Zakariya Boyd | 93 months |
| Mohammad Omar Aly Hassan | 180 months |
| Anes Subasic | 360 months |
| Ziyad Yaghi | 380 months |
| Hysen Sherifi | 540 months |

Information about the sentencing enhancements applied to each of the co-defendants, their respective criminal histories, their respective roles in the offense, and their respective downward departures and downward variances would be especially helpful to Defendant Sherifi and may provide the basis for his request for a downward variance or other legal arguments in support of a mitigated sentence. This request is reasonable in light of the potential for a downward variance for Defendant Sherifi and the potential of unwarranted sentencing disparities. See, for example, United States v. Keller, 3:07cr-61-2 (W.D.N.C. 2011) (unpublished order, copy attached).

Finally, Defendant Sherifi does not concur with the United States' recommendation to impose a sentence of 540 months and its reliance upon the "sentencing package" doctrine cited in Dean v. United States, 137 S. Ct. 1170, 1176 (2017).

## CONCLUSION

For the foregoing reasons, the Court should vacate the Defendant's Section 924(c) convictions, direct the Probation Office to provide information about the sentences imposed on the six co-defendants in this prosecution and any related prosecutions, conduct a sentencing hearing, and impose a sentence which is fair and just.

Respectfully submitted this 31st day of March, 2020.

Helen C.T. Smith

*s/ Helen C.T. Smith*
Helen C.T. Smith
Attorney for Defendant
920 US Highway 64 W #402
Apex, NC  27523
Tel: 423-329-3847
Email: helenctsmith@gmail.com
NC State Bar No. 53533
LR 57.1 Counsel Appointed

Furthermore, by filing this reply, undersigned counsel certifies that a copy of said reply has been served upon:

> Dennis M. Duffy
> Assistant United States Attorney
> Eastern District of North Carolina
> 150 Fayetteville Street, Suite 2100
> Raleigh, NC  27601

by electronically filing the foregoing Notice with the Clerk of the Court on March 31, 2020, using the CM/ECF system which will send notification of such filing to the above.

Counsel certifies that she served the defendant by mailing a copy of Notice to him by first class United States postage prepaid addressed to Hysen Sherifi, Reg. 51768-056, USP Coleman, U.S. Penitentiary, P.O. Box 1033, Coleman, FL  33521 on March 31, 2020.

                                            Helen C.T. Smith

                                            *s/ Helen C.T. Smith*
                                            Helen C.T. Smith
                                            Attorney for Defendant