IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL-2
NO. 5:16-CV-665-FL

| | |
|---|---|
| HYSEN SHERIFI, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 2248, 2255), and to amend same (DE 2331), wherein he asserts his convictions for possessing a firearm in furtherance of a crime of violence are unconstitutional. Respondent concedes petitioner's § 924(c) convictions must be vacated, but requests full resentencing on petitioner's remaining convictions.

### BACKGROUND

On July 22, 2009, a federal grand jury returned indictment against petitioner and co-defendants alleging terrorism conspiracies and related offenses. On September 24, 2009, superseding indictment was returned, followed by second superseding indictment on November 24, 2010. The second superseding indictment charged petitioner with the following:

1) conspiracy to provide material support and resources for violations of 18 U.S.C. § 956, in violation of 18 U.S.C. § 2339A (count one);

2) conspiracy to murder, kidnap, maim, and injure persons in a foreign country, in violation of 18 U.S.C. § 956(a) (count two);

3) on or about June 10, 2009, petitioner used and carried firearms during and in relation to conspiracy to commit murder, as set forth in count two, and

possessed said firearms in furtherance of such crime, in violation of 18 U.S.C. § 924(c) (count four);

4) on or about July 7, 2009, petitioner used and carried firearms during and in relation to conspiracy to commit murder, as set forth in count two, and possessed said firearms in furtherance of such crime, in violation of 18 U.S.C. § 924(c) (count eight); and

5) conspiracy to kill a federal officer or employee in violation of 18 U.S.C. § 1117 (count eleven);

Petitioner pleaded not guilty to the foregoing offenses and proceeded to jury trial. A federal jury returned guilty verdicts as to all counts on October 13, 2011.

The court held petitioner's sentencing hearing on January 13, 2012. Petitioner's advisory Guidelines range for the conspiracy convictions was life imprisonment on counts two and eleven, and 180 months' imprisonment on count one (the statutory maximum for that offense). As to the § 924(c) firearms offenses, the Guidelines range was 60 months' imprisonment on count four and 300 months' imprisonment on count eight, to be served consecutively, producing a total Guidelines range of 360 months' imprisonment on those counts.

After hearing argument from the parties and considering the factors set forth in 18 U.S.C. § 3553(a), the court imposed an aggregate custodial sentence of 540 months' imprisonment, comprised of 180 months' imprisonment on counts one, two, and eleven (the conspiracy counts), and a consecutive term of 360 months' imprisonment on counts four and eight (the § 924(c) counts). The court granted petitioner's motion for downward variance from the Guidelines range of life imprisonment as to the conspiracy counts in part due to the mandatory consecutive sentence of 360 months' imprisonment on counts four and eight. Petitioner's convictions and sentence were affirmed on direct appeal. United States v. Hassan, 742 F.3d 104 (4th Cir. 2014). Notably, on May 10, 2013, petitioner was sentenced to life imprisonment in a separate federal

criminal prosecution following convictions for conspiracy to commit murder for hire and related offenses. United States v. Sherifi, No. 7:12-CR-20-BR (E.D.N.C. May 10, 2013).

On June 20, 2016, petitioner filed motion for authorization to file successive habeas petition in the United States Court of Appeals for the Fourth Circuit, challenging his § 924(c) convictions on the basis of Johnson v. United States, 135 S. Ct. 2551 (2015). The Fourth Circuit construed the filing as an attempt to file an initial § 2255 motion in the district court and transferred the filing to this court. The court docketed the filing as a § 2255 motion on June 27, 2016, and promptly appointed the Federal Public Defender to represent petitioner.

On September 19, 2016, petitioner, acting through counsel, filed amended motion to vacate his § 924(c) convictions. On September 27, 2016, respondent filed unopposed motion to stay the proceedings pending the Fourth Circuit's decision in United States v. Simms, No. 15-4640 (4th Cir.), and the court granted the motion that same day. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

The court entered order lifting the stay on July 18, 2019, and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's § 2255 motions. The parties, however, did not file supplementary briefing in response to this order. On November 11, 2019, the court entered order directing respondent to file answer or otherwise respond to the petitioner's motions. The court granted two requests for extension of time to respond, and respondent filed response on February 26, 2020. Therein, respondent conceded that petitioner's § 924(c) convictions must be vacated. Respondent requests that the court vacate petitioner's sentence in its entirety, and set the matter for resentencing on the conspiracy convictions.

On March 2, 2020, petitioner filed pro se motion to amend his § 2255 motion, requesting permission to supplement the instant § 2255 motion to include a claim challenging his § 924(c) convictions on the basis of Davis. On March 3, 2020, the Federal Public Defender moved to withdraw as counsel for petitioner based on potential conflict of interest. The court granted the motion the following day and directed the Federal Public Defender to oversee appointment of alternative counsel for petitioner. On March 31, 2020, petitioner, through newly appointed counsel, filed reply in further support of the instant motions to vacate. Petitioner agrees that the § 924(c) convictions should be vacated and full resentencing ordered for the remaining conspiracy convictions. Petitioner's counsel also requests that the court direct United States Probation to provide her with access to "information about the sentences imposed on the six co-defendants and any other individuals who were investigated as part of this prosecution."

## COURT'S DISCUSSION

Sections 924(c)(1)(A) makes it unlawful for a person to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime" or possess a firearm "in furtherance of any such crime." The statutory punishment for the first conviction under § 924(c) is at least five years' imprisonment consecutive to the sentence imposed for the predicate crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(i). A second conviction under § 924(c) carries a mandatory minimum punishment of 25 years imprisonment, consecutive to any sentence imposed on the predicate conviction.[1] Id. § 924(c)(1)(C)(i). Section 924(c)(3) defines the phrase "crime of violence" as an offense that is a felony and:

---

[1] In December 2018, Congress amended § 924(c) to prevent "stacking" consecutive sentences within the same prosecution. See First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221. Section 924(c)(1)(C) now provides that the 25-year consecutive sentence can be imposed only in the event the defendant commits the

4

>(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another (the "force clause"), or
>
>(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").

Id. § 924(c)(3)(A)-(B).

The Supreme Court and the Fourth Circuit have held that § 924(c)(3)(B) is unconstitutionally vague, thus invalidating any § 924(c) conviction based solely on the residual clause definition of crime of violence. United States v. Davis, 139 S. Ct. 2319, 2336 (2019); United States v. Simms, 914 F.3d 229, 237, 246 (4th Cir. 2019). Accordingly, petitioner's § 924(c) convictions are constitutional only if the predicate crime of violence satisfies the force clause. See 18 U.S.C. § 924(c)(3)(A); Simms, 914 F.3d at 233-34.

Here, the predicate crime of violence supporting petitioner's § 924(c) convictions is conspiracy to murder, kidnap, maim, and injure persons in a foreign country, in violation of 18 U.S.C. § 956(a). To determine whether this offense is a crime of violence under § 924(c)(3)'s force clause, the court employs the categorical approach, which "look[s] to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." Simms, 914 F.3d at 233 (citing Leocal v. Ashcroft, 543 U.S. 1, 7-10 (2004); United States v. McNeal, 818 F.3d 141, 151-52 (4th Cir. 2016)). "When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause." Id.

---

second violation after a prior § 924(c) conviction has become final.

The elements of petitioner's predicate offense are: 1) petitioner entered into a conspiracy; 2) knowing and intending that the objective thereof was murder, kidnapping, or maiming outside the United States; 3) the conspiracy was entered into within the United States; and 4) a conspirator committed an overt act in furtherance thereof within the jurisdiction of the United States. Hassan, 742 F.3d at 141. This offense does not qualify as a crime of violence under § 924(c)(3)'s force clause because, similar to the conspiracy offense at issue in Simms, "to convict a defendant of [the] offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate [the statute, and] such an agreement does not invariably require the actual, attempted, or threatened use of physical force." Simms, 914 F.3d at 234. In other words, the statute defines the offense "in a way that allows for both violent and nonviolent means of commission." Id. at 233. Accordingly, because petitioner's predicate offense is not a crime of violence under the force clause, and the residual clause is unconstitutionally vague, petitioner's § 924(c) convictions must be vacated. See id. at 234; (Resp't's Resp. (DE 2330) at 11-12 (conceding that petitioner's § 924(c) convictions "can no longer stand" and must be vacated)).

The court now turns to petitioner's request for access to sentencing records produced in his co-defendants' sentencing proceedings. The court construes petitioner's request as seeking sealed information contained in his co-defendants' presentence investigative reports and related sentencing memoranda or motions.[2] Petitioner seeks this information in order to investigate "information about the sentencing enhancements applied to each of the co-defendants, their

---

[2] To the extent the information requested is available on the public docket, petitioner need not seek permission from the court to access the records. For example, sentencing transcripts for several of the co-defendants are publicly available.

6

respective criminal histories, their respective roles in the offense, and their respective downward departures and downward variances" which "may provide a basis for [petitioner's] request for a downward variance or other legal arguments in support of a mitigated sentence." (DE 2335 at 4).

"[C]ourts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988). Restrictions on access to presentence reports protect the confidentiality of the information contained in the report, and promote open disclosure by third parties during preparation of the reports. Id. Thus, courts typically require "some showing of special need before they will allow a third party to obtain a copy of a presentence report." Id. The Fourth Circuit has held that "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976); see also United States v. Allen, 716 F.3d 98, 104 (4th Cir. 2013) (explaining defendant seeking access to co-defendant's presentence report must "clearly specif[y] the information contained in the report that he expects will reveal exculpatory or impeachment evidence"). The court's local rules also provide that "no confidential records of this court maintained by the probation office, including presentence and probation supervision records, shall be sought by any applicant except by written petition to this court establishing with particularity the need for specific information in the records." Local Crim. R. 32.1.

Petitioner has not established special or particularized need for his co-defendant's sentencing records. Some of the information requested is available in publicly filed sentencing transcripts. As to the remaining sealed information, petitioner's request to comb through his co-defendant's presentence reports and similar filings for information that may be helpful for

7

resentencing is insufficient to overcome the presumption against disclosure. See Allen, 716 F.3d at 105 (explaining defendant is not entitled to presentence report in order to "go on a fishing expedition" for material helpful to his defense). The court also finds that disclosure of the foregoing sealed information would not serve the interests of justice, particularly in light of petitioner's criminal history and the sensitive information contained in the sealed documents. See Figurski, 545 F.2d at 391. Accordingly, the court denies petitioner's request for access to sealed sentencing documents.

Finally, the court turns to respondent's request for resentencing on the remaining conspiracy counts. The court agrees that full resentencing on the conspiracy convictions is the appropriate remedy where petitioner's § 924(c) convictions will be vacated, and the court departed downwardly at petitioner's original sentencing due to the lengthy sentences on the § 924(c) convictions. See Davis, 139 S. Ct. at 2336 (observing that full resentencing is appropriate when § 924(c) convictions are vacated); United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (discussing district court's "broad and flexible" power to fashion an appropriate remedy under § 2255).

The COVID-19 pandemic has presented unique challenges to scheduling sentencing proceedings in this district. On July 13, 2020, the court entered revised standing order 20-SO-9-1, finding that felony sentencings cannot in some cases in this district be conducted in person due to the COVID-19 emergency, and that a judge in an individual case "may, with the consent of the [petitioner] after consultation with counsel, use video conferencing," where the judge finds that sentencing "cannot be further delayed without serious harm to the interests of justice." See also CARES Act, Pub. L. No. 116-136, § 15002(b)(2), 134 Stat 281, 527-28 (Mar. 27, 2020) (authorizing sentencings by video conference during the COVID-19 emergency under certain

8

circumstances and with consent of the defendant). In this case, the court finds that sentencing cannot be delayed without serious harm to the interests of justice. Accordingly, the court will direct petitioner's counsel to confer with him regarding whether he consents to resentencing by video conferencing.

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motions to vacate, (DE 2248, 2255), and to amend, (DE 2331), VACATES petitioner's convictions on counts four and eight, and VACATES petitioner's sentence in its entirety. Petitioner's request for access to sealed sentencing documents or information is DENIED. The court DIRECTS counsel for petitioner to confer with petitioner and inform the court in notice filed on or before **September 4, 2020**, whether petitioner consents to resentencing by video conferencing during the court's September 2020, video sentencing term, pursuant to the CARES Act and Standing Order 20-SO-9-1. If this deadline elapses with no such notice being filed, resentencing will be continued to the next available term. The court will set in forthcoming order the final resentencing date and deadline for publication of modification to the presentence report.

SO ORDERED, this the 25th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge