UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-00216-FL-2
5:16-CV-00665-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HYSEN SHERIFI | DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMATION IN DOCKET NOS. 5:09-CR-00216 AND 7:12-CR-00020 and SUPPORTING MEMORANDUM OF LAW |

## DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMATION IN DOCKET NOS. 5:09-CR-00216 AND 7:12-CR-00020 and SUPPORTING MEMORANDUM OF LAW

Defendant Hysen Sherifi, by and through court-appointed counsel moves the Court to order the disclosure of information in Docket Nos. 5:09-cr-00216 and 7:12-CR-00020. In support of his motion, the defendant asserts as follows.[1]

### FACTS

The defendant was convicted in two separate docket numbers in this court. After he was sentenced in 5:09-cr-216-FL on January 13, 2012, the defendant was indicted on separate charges in Docket Number 7:12-cr-20-BR and he was sentenced in that case on May 10, 2013. The defendant exercised his right to a

---

[1] Defendant has not filed a motion for leave to seek discovery under Rule 6(a) of the Rules Governing §2255 Proceedings as the United States has conceded that the motion for *habeas corpus* relief should be granted, both parties requested a new sentencing hearing, and the Court granted the motion to vacate conviction and sentence. To the extent needed, the defendant requests that the Court treat the instant motion as a motion under Rule 6(a) of the Rules Governing §2255 Proceedings. *Bracy v. Gramley*, 520 U.S. 899 (1997).

jury trial in both cases and was convicted after jury trials. He has waived no constitutional rights.

In 2019, the defendant filed a *pro se* motion for *habeas corpus* relief in 5:09-cr-216 under 28 U.S.C. § 2255; the Federal Public Defender amended the motion, filed a supporting memorandum, and received leave to withdraw as counsel. Undersigned counsel was appointed under the Criminal Justice Act. The United States conceded that the *habeas corpus* motion is well-taken and agreed that the two convictions under 18 U.S.C. § 924( c) must be vacated in accordance with *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The United States and the defendant both requested a new sentencing hearing on the remaining counts in 5:09-cr-216, which is presently set for the Court's January 2021 term.

Undersigned counsel did not represent Mr. Sherifi in either of the cases at trial or on appeal. She has conferred with her client several times and he has requested that she make the instant request for the disclosure of information. Counsel has reviewed the trial transcripts from both trials and the pleadings and orders which are accessible to the public through the PACER system. She has contacted Mr. Sherifi's trial and appellate counsel in both cases and requested the information sought in this motion and has unfortunately been unsuccessful in obtaining the information from them. She discussed with AUSA Dennis Duffy the gist of this request and her rationale in a telephone call on May 11, 2020 and gave

him pre-filing review of the motion and memorandum. She sent a copy of the draft motion and memorandum to AUSAs Barbara Kocher and Jason Kellhofer on October 22, 2020 and the parties engaged in a conference call regarding the draft motion on October 29, 2020. The parties have made and will continue to make a collegial, good-faith attempt to resolve the defendant's motion.

The defendant requests that his counsel receive any of the discovery from 5:09-cr-216-FL which still exists; access to pleadings, notices, lists, minutes, transcripts, and orders which are presently inaccessible to counsel (as set forth in Table 1 of Exhibit 1 to this motion and supporting memorandum); and access to information used to prepare Mr. Sherifi's co-defendants' pre-sentence reports.[2] To the extent that the United States intends to use information from 7:12-cr-20-BR as relevant conduct or as post-conviction conduct to enhance the defendant's sentence in 5:09-cr-216, to the extent that the Probation Office intends to consider or include any information from 7:12-cr-20-BR when it prepares a revised pre-sentence report or a supplement to the pre-sentence report in 5:09-cr-216, and to the extent that the Court intends to consider or include any information from 7:12-cr-20-BR when it re-sentences the defendant, the defendant respectfully requests any of the discovery from 7:12-cr-20-BR and access to pleadings, notices, lists,

---

[2] The Court has previously denied Mr. Sherifi's prior request for access to the co-defendants' pre-sentence reports in its order dated August 25, 2020 and docketed at DE 2339.

minutes, transcripts, and orders which are presently inaccessible to counsel (as set forth in Table 2 of Exhibit 1 to this motion and supporting memorandum). [3]

## ARGUMENT

I. The requested information should be provided to satisfy the defendant's constitutional right to effective assistance of counsel.

The Counsel Clause of the Sixth Amendment to the United States Constitution provides that:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the Assistance of Counsel for his defence."

The right to counsel includes the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). The right to effective assistance of counsel is invoked at any critical stage of the criminal proceeding, including sentencing. *Gardner v. Florida*, 430 U.S. 349, 358 (1977); *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012). This includes a re-sentencing hearing following a successful *habeas corpus* petition under 28 U.S.C. § 2255. *United*

---

[3] To be clear, counsel has entered an appearance in 5:09-cr-216 and has access to the docket report in 5:09-cr-216; however, when counsel attempts to access the documents cited in Tables 1 and 2 of Exhibit 1, the message returned from the CM/ECF system is either "You do not have permission to view this document," or "You do not have access to this transcript." This includes minute entries, many pre-trial hearing and conference transcripts, and the Trial Exhibit List (DE 1513). Counsel cannot access the Trial Exhibit List or any trial exhibits. Access to filings in 7:12-cr-20 is even more limited as counsel has not been appointed to represent Mr. Sherifi in that proceeding.

*States v. Foreman*, 519 Fed. Appx. 131 (4th Cir. 2013)(unpublished per curiam opinion attached).

Counsel is required to investigate and discover mitigating evidence at the sentencing stage and failure to do this is fairly construed as ineffective assistance of counsel. *Rompilla v. Beard*, 545 U.S. 374 (2005). The duty of a Criminal Justice Act panel attorney to provide effective assistance is fairly broad and extends to ancillary matters. *United States v. Brown*, 797 Fed. Appx. 85 (4th Cir. 2019)(unpublished decision attached). To meet the effective assistance of counsel standard, counsel has a duty to investigate, participate in, and prepare for the sentencing proceeding, *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Counsel has a duty to review the record, raise arguments, and add evidence to the record where necessary. *Berry v. United States*, No. 5:08-cr-247-FL (E.D.N.C. 2019)(copy attached). When counsel is appointed for a re-sentencing, she has a duty to investigate relevant conduct and conduct which occurred subsequent to the imposition of the original sentence. *United States v. Jackson*, 181 F.3d 740, 744 (6th Cir. 1999). Counsel can be constitutionally ineffective when she assumes things without verifying the factual record. *Thompson v. Gansler*, 734 Fed. Appx. 846 (4th Cir. 2018)(unpublished opinion attached).

In this instance, the parties have agreed that the defendant should be re-sentenced in Docket No. 5:09-cr-216 and the Court scheduled his re-sentencing for

the January 2021 term. Present appointed counsel is unable to access many pleadings, notices, minute entries, exhibits, exhibit lists, and orders filed in that case and has no access to any of the discovery made available to the defense at trial. She will be ill-equipped to meet her duty to provide the defendant effective assistance of counsel in 5:09-cr-216 unless she is provided all available discovery and access to the sealed pleadings, notices, minute entries, exhibits, exhibit lists, and orders. If the United States Attorney's Office, the Probation Office, or the Court intend to rely upon information disclosed during the course of Docket No. 7:12-cr-20 (which was charged after the defendant was sentenced in 5:09-cr-216) at defendant's re-sentencing hearing, counsel will be doubly ill-equipped to meet her effective assistance of counsel duty unless she is provided all available discovery and access to the sealed pleadings and orders in Docket No. 7:12-cr-20.

II. The Court should order the disclosure of the requested information.

A. Providing counsel access to the available discovery is well-advised.

A criminal defendant has no constitutional right to discovery. *Weatherford v. Bursey*, 429 U.S. 545 (1977). Fed. R. Crim. P. 16 describes the parameters of discovery the United States is required to provide criminal defendants and it justifies the defendant's request to provide his present counsel (who had no prior access) the requested discovery to the extent it is available. The Court can and should exercise its inherent authority to order and supervise discovery in a criminal

proceeding. *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007). Precedent exists for ordering the United States to provide trial discovery to *habeas* counsel. See, for example, *Barnette v. United States*, 3:12-cv-327-V (W.D.N.C. 2014)(copy attached).

B. Providing counsel access to the sealed pleadings, notices, lists, exhibits, and orders is well-advised.

Present counsel for the defendant has unsuccessfully tried to access sealed pleadings, notices, lists, exhibits, and orders and otherwise obtain discovery from Mr. Sherifi's two cases. The likelihood of providing ineffective assistance of counsel is high unless the Court provides counsel access as requested.

C. Providing counsel access to information about the co-defendants sentenced in 5:09-cr-216 is well-advised.

The defendant respectfully renews his request that the Court direct the Probation Office to provide defense counsel with information about the sentences imposed on the six co-defendants and any other individuals who were investigated as part of this prosecution and later sentenced. The Court may determine that the defendant has established his particularized need for this information in light of counsel's limited access to documents in this case. Information available from public records indicates a wide gap in sentences imposed, as follows:

| Defendant | Sentence Imposed |
|---|---|
| Daniel Boyd | 216 months |
| Dylan Boyd | 84 months |
| Zakariya Boyd | 93 months |
| Mohammad Omar Aly Hassan | 180 months |
| Anes Subasic | 360 months |
| Ziyad Yaghi | 380 months |
| Hysen Sherifi | 540 months |

Information about the sentencing enhancements applied to each of the co-defendants, their respective criminal histories, their respective roles in the offense, and their respective downward departures and downward variances would be especially helpful and may provide a basis for a request for a downward variance or other legal arguments in support of a mitigated sentence. This request is reasonable in light of the potential for a downward variance for Defendant Sherifi and the potential of unwarranted sentencing disparities. See, for example, *United States v. Keller*, 3:07-cr-61-2 (W.D.N.C. 2011) (unpublished order, copy attached).

## Conclusion

For the foregoing reasons, the defendant HYSEN SHERIFI respectfully requests that the Court: 1) order the United States to provide available discovery in Docket Numbers 5:09-cr-216 and 7:12-cr-20 to undersigned counsel; 2) direct the Clerk of the Court to provide undersigned counsel access to the documents set

forth in Tables 1 and 2 of Exhibit 1, and 3) direct the Probation Office to provide information about the co-defendants in Docket No. 5:09-cr-216.

By filing this motion and supporting memorandum, undersigned counsel certifies that copies of said pleading have been served upon:

>Barbara Kocher and Jason Kellhofer
>Assistant United States Attorneys
>Eastern District of North Carolina
>150 Fayetteville Street, Suite 2100
>Raleigh, NC  27601

by electronically filing the foregoing Notice with the Clerk of the Court on November 2, 2020, using the CM/ECF system which will send notification of such filing to the above.

Counsel certifies that she served the defendant by mailing a copy of Notice to him by first class United States postage prepaid addressed to Hysen Sherifi, Reg. 51768-056, USP Coleman, U.S. Penitentiary, P.O. Box 1033, Coleman, FL  33521 on November 2, 2020.

Respectfully submitted this second day of November, 2020.

Helen C.T. Smith

*s/ Helen C.T. Smith*
Helen C.T. Smith
Attorney for Defendant
920 US Highway 64 W #402
Apex, NC  27523
Tel: 423-329-3847
Email: helenctsmith@gmail.com
NC State Bar No. 53533
LR 57.1 Counsel Appointed

Exhibits

| Exhibit Number | Description |
| --- | --- |
| 1 | Inaccessible pleadings, notices, minute entries, lists, exhibits, and orders |
| 2 | United States v. Foreman, 519 Fed. App'x. 131 (4th Cir. 2013) |
| 3 | United States v. Brown, 797 Fed. App'x. 85 (4th Cir. 2019) |
| 4 | Berry v. United States, 5:08-cr-247 (E.D.N.C. 2019) |
| 5 | Thompson v. Gansler, 734 Fed. App'x. 846 (4th Cir. 2018) |
| 6 | Barnette v. United States, 3:12-cv-327-V (W.D.N.C. 2014) |
| 7 | United States v. Keller, 3:07-cr-61-2 (W.D.N.C. 2011) |